# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| DIANA V. BOSDET, | CASE NO. 10CV2169 BEN (CAB) |
|---|---|
| Plaintiff, | **TEMPORARY RESTRAINING ORDER** |
| vs. | |
| CHEVY CHASE BANK; T.D. SERVICE COMPANY, | |
| Defendants. | |

On October 18, 2010, pro se Plaintiff Diana Bosdet filed a Verified Complaint against Defendants Chevy Chase Bank and T.D. Service. The Verified Complaint included an Application for a Temporary Restraining Order. (V. Compl. ¶¶ 102-103.) The Court ordered Plaintiff to serve Defendants with the Verified Complaint and the Court's order setting the TRO Application for briefing and hearing. Defendants' opposition to the TRO was due by October 27, 2010. Plaintiff served Defendants as ordered, but Defendants have filed no opposition.

Plaintiff alleges thirteen claims for relief, including violations of the Truth in Lending Act, the Fair Debt Collections Practices Act, the Real Estate Settlement Procedures Act, and numerous state law claims. Plaintiff alleges she entered into a mortgage with Chevy Chase Bank to purchase the residence at 7245 Fay Avenue in La Jolla California. She alleges she believed she was receiving a 30-year fixed rate mortgage, but approximately nine months later, discovered she had been given an adjustable rate mortgage. Plaintiff alleges she contacted Defendant Chevy Chase Bank regarding a loan modification and was told to stop making payments on the loan because the bank would only

provide a loan modification if she was in default. Plaintiff alleges she did as instructed, applied for a loan modification, confirmed a week later the documents were received, and was told processing would take several months. Plaintiff alleges that when she heard nothing she followed up and was told her application was missing and she needed to reapply. This allegedly happened a few times before she received a conditional loan modification. When she followed up on the status of her insurance and taxes, Plaintiff alleges she was told to submit a fourth loan modification application. That application was denied and Defendant Chevy Chase Bank issued a Notice of Trustees Sale for the property. Plaintiff alleges that when she contacted Defendant Chevy Chase Bank she was told that if she could make a couple of payments of $25,000-30,000 the bank was more likely to approve her loan modification. Plaintiff alleges she agreed to make the payments suggested, but was unable to reach the agent until he contacted her to inform her that her loan application had been denied. Plaintiff alleges she contacted Defendant 7-8 times about a short sale, but she was informed that the bank would not consider it. Plaintiff alleges her attempts to short sale the property have failed because of Defendants' conduct.

A TRO is a form of preliminary injunctive relief limited to "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974). Plaintiff must demonstrate she is likely to succeed on the merits, likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction would be in the public interest. *American Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008)).

Plaintiff has met these requirements only with regard to her request to enjoin any action against her real property. Plaintiff's loss of her residence through foreclosure constitutes a threat of irreparable injury. *Sundance Land Corp. v. Cmty. First Fed. Savings and Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988).

Accordingly, Plaintiff's Application for a TRO is **GRANTED**. **IT IS HEREBY ORDERED that Defendants and their agents are enjoined from proceeding with the foreclosure sale of Plaintiff's property at 7245 Fay Avenue in La Jolla, California, 92037.**

This matter is set for a preliminary injunction hearing on **November 8, 2010 at 10:30 a.m.** Defendants shall file any opposition to a preliminary injunction on or before **November 3, 2010.**

**IT IS SO ORDERED.**

DATED: October 28, 2010

_____
Hon. Roger T. Benitez
United States District Judge